## SUBROGATION OF A LIFE TENANT PAYING VALID ASSESSMENTS.

[Circuit Court of Lucas County.]

CHARLOTTE EDDY ET AL v. WILLIAM H. LEATH, ADMINIS-
TRATOR, ET AL.

Decided, June 18, 1904.

*Subrogation—Voluntary Payments of Valid Assessments—By a Life Tenant—Action to Enforce Subrogation—Governed by the Ten-Year Limitation.*

1. The doctrine of subrogation rests generally upon the principle that one who, for the purpose of protecting his own interest in the property, pays the debt or liability of another, is entitled to and may enforce all the liens and securities of the party to whom he pays.

2. A life tenant, who under an agreement of occupancy pays certain valid assessments against the property which she is under no obligation to pay, is not a mere volunteer when it appears that the county treasurer refused to accept the general taxes, which she was bound to pay, unless the assessments were also paid, and failure to make such payment would render the property liable to sale both for taxes and assessments; and having paid such assessments, the life tenant is subrogated to the lien of the assessments, although she paid them without protest, and made no demand therefor upon the owner of the fee in remainder who was liable for their payment under the agreement.

3. An action to establish and enforce a lien of an assessment is, under the equitable doctrine of subrogation, neither an action at law, nor upon contract, nor one founded upon a liability created by statute, and is therefore governed by the ten-year limitation prescribed by Section 4985, Revised Statutes.

HULL, J.; PARKER, J., and HAYNES, J., concur.

Error to Lucas County Common Pleas Court.

This action was brought in the court of common pleas by the plaintiffs in error, who were plaintiffs below, against Hester Whitlock, who was then living. After the commencement of the action she died, and the action was revived against William H. Leath, her administrator, and the other defendant, William Whitlock, husband of Hester Whitlock.

The action was brought to quiet the title of the plaintiffs to certain real estate in the city of Toledo, of which they claimed

to be and were the owners in fee simple, and the defendant, Hester Whitlock, was, as stated in the petition, the owner of a life estate in this property, by virtue of a certain contract between the parties; and it was alleged in the petition that Hester Whitlock and her husband, William Whitlock, the original defendants, claimed some interest in the property beside the life estate. Plaintiffs prayed that Hester Whitlock should be decreed to have a life estate only in the property, and that the title of plaintiffs in remainder be quieted as to said Hester Whitlock and her husband, and that it be adjudged that on the death of Hester Whitlock the plaintiffs were entitled to the immediate possession thereof.

The defendant, Hester Whitlock, by her answer, and her administrator after her death by an amended answer and cross-petition, set up her claims upon this property. It is admitted that Hester Whitlock was holding it by virtue of a contract which gave her a life estate, that the plaintiffs were the owners of the fee simple in remainder, but a lien was claimed on the property for certain assessments that Mrs. Whitlock had paid for sewers and paving and sidewalks while occupying the property, her claim being for $1,069.82, which she claimed from the year 1889 down to the commencement of the action in March, 1901. She asked to have that declared a lien upon the property, and that unless paid by the plaintiffs that the property be sold to satisfy it.

Hester Whitlock had been theretofore the wife of a Mr. Wilcox. After his death she married Mr. Whitlock. The plaintiffs were the children and only heirs of Wilcox, and had entered into the contract, which I have mentioned, with Mrs. Whitlock in regard to the occupancy of this property, and it is upon this contract that the rights of these parties are based. It is as follows:

"In consideration of one dollar to us in hand paid by Hester Wilcox, of Toledo, O. (and love and affection), we, Charlotte Eddy, Matilda A. Lloyd and Mary J. Wachter, of same place, hereby consent and agree that the said Hester Wilcox may occupy, so long as she lives or wishes to, the following described premises, viz.: Lot No. 1560 and the southwest sixty feet of lot No. 1561 in the Vistula division of Toledo, Ohio, subject to the

condition that the said Hester Wilcox shall pay all the taxes and assessments levied and assessed thereon during her said occupancy, other than those for sewerage, grading, paving or sidewalk.''

There is also a claim in the cross-petition for sidewalks, and one also for sewerage.

The contract, it will be observed, provides that Mrs. Whitlock should pay the taxes and assessments upon the property during her occupancy, other than those of sewerage, grading, paving or sidewalks, and she claims her lien upon and her right in the property for the amount she paid for sewerage, grading, paving and sidewalks. The court of common pleas found that within ten years before the commencement of the action, including interest thereon, she had paid $1,154.32 for paving and sewer assessments against the property, and it was ordered that this be made a lien upon the property, and, if not paid, the property be sold to satisfy it. The claim for sidewalk assessments was disallowed by the common pleas court upon the ground that at the time they were paid by Mrs. Whitlock they had not been levied and assessed upon the property, only the preliminary notice having been given to her; and no cross-petition in error having been filed by the defendants in error, that question is not before us.

It is claimed by the plaintiffs in error that Mrs. Whitlock was not entitled to this relief for the reason that the payments made by her were voluntary; further, that she was not entitled to be subrogated to the lien of the state or municipality for the assessments that she had paid; and further, that the six years statute of limitations applies, and that all payments that fell outside of six years were therefore barred, instead of ten years, as held by the court of common pleas. We are asked, therefore, to reverse this judgment.

It is claimed that Mrs. Whitlock, in making these payments, was a mere volunteer. The record shows that the assessments were all paid by her or by money furnished by her. The money was taken to the treasurer's office by her husband in most instances, if not in all, as appears by the record. In our judgment the contention of the plaintiffs in error can not be maintained. Mrs. Whitlock was occupying this property under this

contract which I have read. She was bound by it to pay the general taxes. These assessments that were paid by her it was the duty of the plaintiffs in error to pay, by virtue of this contract. They became liens upon the property, were put upon the tax duplicate, and the property was liable to be sold to pay them. She could not pay the general taxes without paying these assessments. A portion of the taxes due upon the property would not be accepted by the treasurer. She was compelled either to pay these assessments or to allow all of the taxes and assessments to go unpaid, and render the property liable to sale, not only for the assessments but for the payment of the general taxes. It seems to us that one who pays an assessment under those circumstances can not be called a mere volunteer—one who has simply interfered with another, paying the debt of another without any reason for so doing. It is, of course, well established, that where one is a mere volunteer, and without any duty resting upon him, pays the debt of another, he does it voluntarily, and has no right of action, and can not recover. In our judgment Mrs. Whitlock was not in that situation. This contract existed between her and these parties. They did not pay the assessments which they were bound to pay, and unless she paid them, these results would follow. We think, therefore, that the claim that she was a mere volunteer can not be sustained.

It is claimed that in any event she was not entitled to a lien, but it is claimed for her that she was entitled to it by right of and under the doctrine of subrogation.

The doctrine of subrogation as applied to this case is an equitable doctrine, and rests generally upon the principle that where one pays the debt of another, or a claim against another, to protect his own interest in the property, he is entitled to all the liens and securities that the party has to whom he pays the claim. In *Joyce* v. *Dauntz*, 55 Ohio St., 538, in the first paragraph of the syllabus, this is said:

"As a general rule, any person having an interest in property subject to an incumbrance which may defeat or impair his title, has a right to disengage the property by payment of the incumbrance, and when he does so, if the debt is not one for which he is personally liable, he is entitled to be subrogated to the rights of the incumbrancer against the property."

It seems to us that Mrs. Whitlock comes within the rule laid
down by the Supreme Court in this case. She had an interest
in this property, a life estate, and by reason of these assess-
ments not being paid they had become a lien and incum-
brance upon the property, which was liable to be sold for their
payment; and by reason of their being in default, as I have
said, she was unable to pay the general taxes upon the prop-
erty, and in order to protect her interest from this incumbrance,
to enable her to pay all taxes, she paid the assessments. It is true
as argued by counsel, that she made no demand of these par-
ties to pay these assessments, and it is true that she paid them
to the treasurer without protest. The fact that she did not
protest can make no difference in this case. As between her
and the treasurer, or between the property and the treasurer,
there was no defense to these assessments. It is not claimed
that they were invalid, and not a valid and binding lien upon
the property. She could make no defense in behalf of the prop-
erty against the treasurer, and there was no reason why she
should protest to the treasurer. The city was entitled to the
assessments, she was occupying the property as a life tenant
and paid them, and thereby paid debts that were due from
the plaintiffs in error, thus relieving the property which they
owned in fee simple, subject to her life estate, from these liens,
and as a result benefited the owners of the fee simple to the
amount of the assessment—something over a thousand dollars.

*Simmons* v. *Lyles*, 73 Va. (32 Gratt.), 752, is very much in
point. Here a widow was occupying the manor house after the
death of her husband, and paid certain taxes upon the prop-
erty which she was not bound to pay, but they were a lien upon
the property, and it was held that she was entitled to be paid
the amount of the taxes which she had paid, and that they were
a lien upon the property. The court say on page 762:

"Subrogation is the creature of the chancery courts. It is
not founded upon any idea of contract, but upon principles of
equity and good conscience. It is a mode which equity adopts
to compel the ultimate discharge of a debt by him who in good
conscience ought to pay it (Brandt, Suretyship, Section 260).
It is not essential that the party invoking the remedy should
technically occupy the position or relation of surety for the

debt. It is enough that he is required to pay for his own protection and indemnity, or to relieve his estate of a subsisting lien or incumbrance accruing by operation of law, or created by act of the party in whose behalf the payment is made. The appellant, in paying the taxes, can not be considered a volunteer. The property of which she had possession under the statute was debtor to the state, and she had the right to make the payment for her own protection and indemnity, and to look to the property for reimbursement.''

Mrs. Whitlock was situated very similarly to the party in the Virginia case. It seems to us entirely equitable and just that these assessments that were paid by her, and which ought to have been paid by the plaintiffs in error, the payment of which protected their estate as well as hers, should be repaid to her, or her estate, and should be held to be a lien upon the property.

It is claimed, however, that all these payments were made six years before the commencement of the action, and are barred by the statute of limitations. It is urged that the six years statute, Section 4981, Revised Statutes, governs this case. It is as follows:

''Within six years:

''An action upon a contract not in writing, either express or implied.

''An action upon a liability created by statute, other than a forfeiture or penalty.''

It is claimed by defendants in error that Section 4985, Revised Statutes, applies:

''An action for relief not hereinbefore provided for can only be brought within ten years after the cause of action accrues.''

The court below held that the ten year statute applied and not the six year statute, and allowed all coming within the ten years, to the amount of $1,134.32.

Mrs. Whitlock based her action upon her right of subrogation. It is not an action at law, but she is asking to have a lien established upon this property under this equitable doctrine, and the property held for the payment of the assessments. We are of the opinion that the court of common pleas was correct in holding that the ten year statute applies, and

not the six.    The six year statute relates to actions upon con-
tracts, either express or implied, and upon liabilities created by
statute other than forfeiture or penalties.    Her right of subro-
gation does not rest upon contract, either express or implied.
Under the strict rules of law she would have no cause of action.
Her claim is based upon the equitable doctrine of subrogation;
that having paid the debts of another under such circumstances,
she has the right to have the benefit of whatever securities or
liens secured the debt.    Nor is her claim an action upon a liabil-
ity created by statute, although the statute gave to the treasurer
a lien and a right to maintain an action for these taxes.    We
think it has been settled by the Supreme Court of this state that
the ten year statute applies.

A case cited by plaintiffs in error to sustain the proposi-
tion that the six year statute applies—*Hartman* v. *Hunter,* 56
Ohio St., 175, a case that went up from this county.    It is said
in the syllabus:

"A civil action brought by the treasurer of a county under
Section 1104, Revised Statutes, to enforce assessments for the
construction of township ditches, is, by the second clause of
Section 4891, Revised Statutes, barred in six years after the
cause of action arises."

This action was brought by the treasurer, as appears from
the syllabus, under Section 1104, Revised Statutes, to collect
assessments and subject the property to the payment of them,
to enforce a lien against the property.    The action was brought
according to the provisions of this section, and was based upon
it, and the Supreme Court held that it being such an action,
the treasurer was within the limitations of Section 4891, Re-
vised Statutes, the same as any individual, and that therefore
the action was barred.    This action of Mrs. Whitlock's as set
forth in her cross-petition is not based upon a statute, but
upon her right to subrogation and to have the benefit of this
lien that had been created, and such an action, we think, is only
barred in ten years.    *Zuellig* v. *Hemerlie,* 60 Ohio St., 27, sec-
ond paragraph of syllabus:

"An action by a surety who has paid the debt of his princi-
pal to be subrogated to a mortgage held by the creditor as ad-

ditional security for such debt is governed by Section 4985, Revised Statutes, and will be barred by lapse of time, unless brought within ten years from the time the cause of action accrued.''

Another case, *Poe* v. *Dixon*, 60 Ohio St., 124, is also in point on this question.

In this case there is a discussion of this question in line with *Zuellig* v. *Hemerlie, supra*. *Neal* v. *Nash*, 23 Ohio St., 483 which is cited in *Zuellig* v. *Hemerlie*, has this in the second paragraph of the syllabus:

''The statutory period of limitation applicable in such an action—it being for equitable relief only—is ten years.''

The court say on page 490 of the opinion:

''A judgment on a contract, expressed or implied, is not sought; nor is the relief sought based on a contract as the ground of an original recovery, but it rests merely on the just right of the surety to a judgment already existing. The action is grounded on the equitable right of the surety, whether by assignment of the creditor or by subrogation merely, to stand in the shoes of the creditor in the judgment against his principal, and in the place of the creditor, to enforce it against him. The action is brought to assert this equitable ownership of the judgment, and, being dormant, to revive and enforce it in favor of the party justly entitled to it. The action, therefore, being purely equitable in its character, and not seeking a recovery on an implied contract, is not controlled by the limitation of six years.''

It is said this, perhaps, was dictum, and not necessary to be said by the court in deciding that case, but Judge Bradbury refers to it in *Zuellig* v. *Hemerlie, supra*, as sound doctrine, and whether dictum or not, worthy of consideration by the court and of being followed by it. The theory that the lien was assigned to Mrs. Whitlock, and that therefore her right would fall at the end of six years, is not sound, but her right of subrogation is based upon this equitable principle, and her action is founded on that, and not upon any contract, express or implied, nor upon a statutory liability.

The judgment of the court of common pleas will be affirmed.

*King & Tracey*, for plaintiff in error.

*Potter & Potter*, for defendants in error.